UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TODD L. WEEMS, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| v. | )    No. 4:22 CV 456 MTS |
| | ) |
| SHAWN KAHL, | ) |
| | ) |
|       Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of a Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241 filed by Todd L. Weems. The petition will be dismissed for lack of subject matter jurisdiction.

Review of this Court's files shows that an indictment has been returned charging petitioner with being a felon in possession of a firearm in the matter *U.S. v. Weems,* No. 4:21-CR-372-MTS-PLC-1 (E.D. Mo. 2021). An arrest warrant has been issued, but as of the date the petition was filed, the arrest warrant remains unexecuted, and petitioner has not been taken into federal custody. The U.S. Marshals have submitted a detainer letter to the Macoupin County Sheriff, where petitioner is being held in State custody, asking the Sheriff to notify the U.S. Marshals prior to petitioner's release from custody or upon his sentencing.

In the instant petition, petitioner asks this Court to bring him to this forum "expeditiously based on this untried arrest warrant, indictment and or detainer." Doc. [1] at 7. He makes no attempt to challenge the constitutionality or validity of the detainer. In fact, he asserts no grounds for relief at all.

In order to be entitled to relief under § 2241, a petitioner must demonstrate that he is "in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, petitioner has not demonstrated that he is in federal custody, as required for this Court to have subject matter jurisdiction over the petition. As noted above, petitioner does not aver, nor does it appear, that he has been arrested or taken into custody by federal authorities. The U.S. Marshal's detainer letter delivered to the Macoupin County Sheriff is not sufficient to render petitioner in federal custody for purposes of the statute. *See Peeples v. Hurley*, 2014 WL 2209092, at *1 (E.D. Mo. May 28, 2014) (dismissing a § 2241 habeas petition for lack of jurisdiction after determining that a Marshal's detainer was insufficient to render the petitioner in federal custody); *Carter v. Uribe*, 2010 WL 234803, *2 (C.D. Cal. Jan. 13, 2010) (dismissing § 2241 habeas petition brought by state prisoner for lack of jurisdiction on basis that U.S. Marshal's federal detainer letter did not place petitioner in federal custody for habeas corpus purposes); *Powell v. U.S. Marshal Office*, 2009 WL 839999, *4 (E.D. Cal. Mar. 30, 2009) ("The Court has no habeas jurisdiction to entertain a challenge to possible future federal custody that has yet to eventuate."). The Court therefore determines that it lacks subject matter jurisdiction to hear this habeas petition, and the same should be dismissed.

Additionally, the petition fails to set forth any grounds for relief. Rule 2(c) of The Rules Governing Section 2254 Cases in the United States District Courts require that a federal habeas corpus petition "specify all the grounds for relief available to the petitioner," and "state the facts supporting each ground." The Supreme Court has noted that a federal habeas petition is "expected to state facts that point to a real possibility of constitutional error." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citation omitted). This Court must dismiss a federal habeas petition without further proceedings if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254

2

Cases in the United States District Courts. Rules 2 and 4 apply to § 2241 petitions. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts. In the instant petition, petitioner makes no attempt to specify any ground for relief, and instead left entirely blank the section of the form provided for him to set forth such grounds. Therefore, even if petitioner had established that he was "in custody," the petition would be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the petition is **DISMISSED** for lack of subject matter jurisdiction. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed *in forma pauperis*, Doc. [2], is **DENIED** as moot.

Dated this 25th day of April, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE